368 So.2d 395 (1979)
Theodore LEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-720.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Rehearing Denied March 30, 1979.
Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from his judgment of conviction and sentences for resisting an officer without violence and disorderly conduct. Appellant was sentenced to one year imprisonment and a concurrent sixty day sentence of imprisonment, respectively. We affirm in part and reverse in part.
On January 3, 1977, an information was filed charging appellant with three counts *396 of battery upon a law enforcement officer, resisting an officer with violence to his person, disorderly conduct and battery. Appellant pleaded not guilty and a jury trial was held. At the close of appellee's case, the prosecution below, the trial court granted appellant's motion for judgment of acquittal as to the battery count. The jury returned verdicts of acquittal as to each of the battery upon a law enforcement officer charges and two verdicts of guilty were returned: one as to the lesser included offense of resisting an officer without violence and the other to the charge of disorderly conduct. Appellant was adjudicated and sentenced as set forth above. From his judgment of conviction and sentences, he appeals.
There is no point on appeal related to the disorderly conduct conviction and sentence; therefore, they are affirmed. However, in regard to appellant's conviction, under Section 843.02, Florida Statutes (1977), for resisting an officer without violence, we find error which does require reversal.
Appellant's defense to this latter and lesser included charge[1] was that he was not lawfully arrested by the police and that he did not use violence to resist arrest. The record shows that the evidence adduced by appellant at trial as well as the arguments made by his defense counsel supported and advanced this theory of defense. What the record does not show, however, is that appellee fulfilled its burden under Section 843.02 to show the legality of the arrest which appellant was convicted of resisting without violence. Under Section 843.02 it is apparent that the proof of the legality of an arrest is an essential element to be shown by the prosecution. Here the record is devoid of any proof of the legality of the arrest which appellant resisted without violence. Without such proof, appellee failed to establish one of the essential elements of the crime for which appellant was convicted. Accordingly, his judgment of conviction and sentence for resisting an arrest without violence should be reversed. See Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978); and Adlington v. State, 350 So.2d 1148 (Fla.3d DCA 1977).
We also note that appellant has a common law right to resist an unlawful arrest without the use of violence. See, e.g., Marshall v. State, 354 So.2d 107 (Fla.2d DCA 1978); and Adlington v. State, 350 So.2d 1148 (Fla.3d DCA 1977).
For the reasons set forth above, appellant's conviction and sentence for disorderly conduct are affirmed; and his conviction and sentence for resisting an officer without violence are reversed, and the cause is remanded to the trial court with directions to discharge appellant as to this latter offense.
Affirmed in part, reversed in part, and remanded with directions.
SCHWARTZ, Judge (specially concurring).
The record in this case contains a great deal of evidence that the defendant resisted arrest with violence, as he was charged. As to this crime, the illegality of the arrest is no defense. Section 776.051, Florida Statutes (1977); K.G. v. State, 338 So.2d 72 (Fla.3d DCA 1976). The defendant below successfully requested, however, that the court instruct the jury on what he deemed the lesser included offense of resisting arrest without violence under Section 843.02, Florida Statutes (1977).[1] A legal arrest is *397 indispensable to demonstrate a violation of this statute, e.g., Morley v. State, 362 So.2d 1013 (Fla. 1st DCA 1978); Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978), and, as Judge Kehoe's opinion correctly states, there was no evidence at the trial below that the arrest Lee was accused of resisting was in fact anything but an unlawful one.
Notwithstanding all of this, if the sufficiency of the evidence were the only issue on appeal, or if there were no other error, I would affirm the judgment below. This is so because there is no basis in the record for concluding that the jury did not properly exercise its right to "pardon" the defendant for the more serious crime  even though he had committed it  by finding him guilty of the lesser, included offense  even if he did not commit it, and even if there is no evidence that he did. I adhere to the view I expressed, writing for the Fourth District in Silvestri v. State, 332 So.2d 351, 353-354 (Fla. 4th DCA 1976), aff'd, 340 So.2d 928 (Fla. 1976); that, under the law established by the supreme court, a jury
"... obviously has the power  to grant the defendant a `pardon' for the more serious offense by convicting him only of a lesser one, even one which does not exist as a matter of fact. Bailey v. State, Fla. 1969, 224 So.2d 296; Gilford v. State, Fla. 1975, 313 So.2d 729, 735 (dissenting opinion). This conclusion requires, in turn, the holding that the jury cannot be faulted  and a defendant (who in this case did not object to the instruction on attempts)[[2]] cannot be heard to complain  when the jury exercises its power to pardon him or her through the conviction of a crime which he or she undoubtedly did not commit."
* * * * * *
"... we are required conclusively to presume  and we could not even receive jurors' affidavits to the contrary, State v. Smith, 183 So.2d 34 (Fla.App.2d 1966), and cases cited; Smith v. State, 330 So.2d 59 (Fla.App. 1st, opinion filed April 13, 1976)  that the jury acted properly as to matters which necessarily inhered in its verdicts. Since the granting of a `pardon' was within the jury's proper function, we must assume, even though we may suspect otherwise, that that's what it did."
I believe, in other words  and in this belief I disagree with the holding of the First District in Morley v. State, supra, and with the thrust of Judge Kehoe's opinion in this case  that the sufficiency of the evidence to sustain a finding of guilt on a lesser included crime cannot be considered when the evidence is sufficient to convict for the greater one. See also, e.g., Jimenez v. State, 158 Fla. 719, 30 So.2d 292 (1947); Brown v. State, 31 Fla. 207, 12 So. 640 (1893); Coppolino v. State, 223 So.2d 68, 74-75 (Fla.2d DCA 1968) (specially concurring opinion), cert. denied, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 794 (1970).
I therefore find it necessary to reach the defendant's alternative point on appeal. It claims error in the trial court's denial of his requested jury instruction on the provisions of Section 901.15, Florida Statutes (1977), which outlines the circumstances under which an arrest may lawfully be made without a warrant, as was the purported arrest involved here. In my opinion, this point has merit. Lee's defense in this case, which was an absolute one to the charge of resisting without violence, Morley v. State, supra; Adlington v. State, 350 So.2d 1148 (Fla.3d DCA 1977), was that he had peacefully resisted an illegal arrest. It was therefore essential that the jury be told whether, under the law of Florida, the arrest in question at the trial was lawful or not. The trial court's denial of the requested instruction on this issue was thus a prejudicially *398 erroneous[3] failure to charge on a theory of defense supported by an acceptable view of the evidence. Laythe v. State, 330 So.2d 113 (Fla.3d DCA 1976), cert. denied, 339 So.2d 1172 (Fla. 1976); Williams v. State, 356 So.2d 46 (Fla.2d DCA 1978).
In the ordinary case, such a finding of error in the jury charges would result in a new trial at which correct instructions would be given. But this is not an ordinary case. Here, the jury has acquitted the defendant of resisting arrest with violence, see Troupe v. Rowe, 283 So.2d 857, 860 (Fla. 1973). And there is no evidence that he is guilty of the only charge which could be retried, resisting without violence, simply because, as all agree, there is no evidence that the arrest in question was lawful. A retrial would therefore inevitably result in a directed judgment of acquittal. Not even the extreme illogicalities sometimes demanded by the law of lesser included offenses, see Silvestri v. State, supra, at 332 So.2d 355,[4] require that we engage in any such useless charade.
For these reasons, I concur in the conclusion that the defendant should be discharged as to the charge of resisting arrest without violence.
NOTES
[1] We note that, although in the instant case appellant was charged under § 843.01, Fla. Stat. (1977), with resisting an arrest with violence, he requested a jury instruction on the offense of resisting an arrest without violence under § 843.02, Fla. Stat. (1977). It is this latter offense for which he was convicted (including the disorderly conduct charge). The appropriateness of § 843.02 as a lesser included offense under § 843.01 has not been raised in this appeal; however, we further note that, pursuant to the criteria articulated in Brown v. State, 206 So.2d 377 (Fla. 1968), the information herein alleged all of the essential elements of § 843.02 (allegata) thereby falling within category four of Brown; however, for the reasons set forth herein, the requisite probata was not present.
[1] Although the issue is not before us, I believe, contrary to Judge Kehoe's view as expressed in the footnote to his opinion, that resisting arrest without violence under § 843.02, is a necessarily lesser included offense of the charge of resisting with violence under § 843.01. As such, it falls within category (3) of the situations outlined in Brown v. State, 206 So.2d 377 (Fla. 1968).
[2] In the case at bar, the defendant affirmatively requested an instruction and verdict form on the lesser included offense of which he was found guilty.
[3] While, as we have seen, the jury may have "pardoned" Lee, it may also have concluded that he simply did not use violence in resisting the officer. The defendant was therefore entitled to have the jury instructed as to the law applicable to such a determination.
[4] This case differs from Silvestri, in which trial error was held to require a new trial on the lesser included offense of attempted possession of cocaine, even though the only evidence was that the defendant had committed either the completed crime or none at all. In that case, the state could prove each required element of the lesser included crime of attempt, by proving that the defendant was guilty of the completed crime. In this case, under the applicable law, the state could not prove the defendant guilty of the only offense with which he is now charged.