462 So.2d 110 (1985)
Gregory Curtis BENJAMIN a/K/a John Doe, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1664.
District Court of Appeal of Florida, Fifth District.
January 17, 1985.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
*111 ORFINGER, Judge.
From his conviction for resisting an officer with violence and simple assault, defendant appeals. We affirm in part and reverse in part.
Benjamin was charged with resisting an officer with violence under section 843.01, Florida Statutes (1983) (Count I) and assault on a law enforcement officer under section 784.07(2) (Count II). A jury found him guilty as charged on Count I, and guilty of simple assault on Count II.
Among other points raised, appellant contends that the trial court erred in refusing a requested jury instruction on resisting arrest without violence, under Count I of the information. It is appellant's contention that resisting arrest without violence is a lesser included offense of resisting arrest with violence, only one step removed, and the failure to so instruct the jury is reversible error, per se, relying on State v. Abreau, 363 So.2d 1063 (Fla. 1978).
The State argues first, that the issue was not preserved for appeal, and next, that the requested instruction was not required because resisting arrest without violence is not listed as a lesser included offense in the standard jury instructions in criminal cases. See, In the Matter of the Use By the Trial Courts Of the Standard Jury Instructions In Criminal Cases, 431 So.2d 594 (Fla.), modified, 431 So.2d 599 (Fla. 1981). We find that the issue was properly preserved for appeal. Defense counsel requested the instruction, verbalized the basis of the request to the court and the request was denied because the court stated that resisting without violence was not a lesser included offense of resisting with violence. Under these circumstances, the failure to object or to restate the grounds in the form of an objection does not preclude appellate review. Thomas v. State, 419 So.2d 634 (Fla. 1982); Williams v. State, 414 So.2d 509 (Fla. 1982).
Under the current rules of criminal procedure, there are two categories of lesser included offenses:
1) Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses.
2) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.
431 So.2d at 596.
A necessarily lesser included offense is one whose constituent elements are included within the elements of the greater offense. State v. Baker, 452 So.2d 927 (Fla. 1984); Bell v. State, 437 So.2d 1057 (Fla. 1983); Borges v. State, 415 So.2d 1265 (Fla. 1982). All the statutory elements of a necessarily lesser offense are proved in proving the greater offense. Cannon v. State, 456 So.2d 513 (Fla. 5th DCA 1984); Foster v. State, 448 So.2d 1239 (Fla. 5th DCA 1984).
At first blush, it would appear that resisting without violence is a necessarily lesser included offense of resisting with violence, but a close inspection of the elements of the offenses, as interpreted by the case law, does not support that view. One of the essential elements of the crime of resisting an officer without violence (section 843.02) is the lawfulness of the arrest or activity in which the officer is then engaged. Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981). But, the use of force or violence against a person reasonably known to be a police officer is unlawful even where the arrest is not lawful. As stated by this court in State v. Barnard, 405 So.2d 210 (Fla. 5th DCA 1981):
Thus, after July 1, 1975, section 843.01 must be read in pari materia with section 776.051 [2]; the end result being that the use of force in resisting an arrest by a person reasonably known to be a law enforcement officer is unlawful notwithstanding the technical illegality of the arrest.
[2] § 776.051(1), Fla. Stat. (1979):
A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer.
*112 Id. at 210. See also, Davis v. State, 381 So.2d 285 (Fla. 1st DCA 1980); Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978).
Thus it becomes unnecessary for the State to prove the lawfulness of the arrest where the charge is brought under section 843.01, resisting arrest with violence. Because an essential element of resisting without violence (the lawfulness of the arrest) need not be shown in proving the offense of resisting arrest with violence, the former is not a necessarily included offense of the latter.
This holding does not preclude, however, the possibility that resisting without violence may be a Category 2 lesser included offense, based on the charging document and the proof at trial. Here, the information alleged the essential elements of the crime of resisting without violence, and the evidence adduced by defendant at trial supported his theory of defense that there was no violence directed at the officer. Under these circumstances, the defendant was entitled to an instruction on the lesser included offense of resisting without violence. Fla.R.Crim.P. 3.510(b). See Lee v. State, 368 So.2d 395, n. 1, (Fla. 3d DCA 1979).
As a lesser included offense (albeit in Category 2), the crime of resisting an officer without violence is one step removed from the crime of resisting with violence. Our supreme court has declared it to be reversible error for a trial court to refuse to instruct on a lesser included offense one step removed from the crime for which a defendant is convicted when that instruction has been properly requested. Such instruction is required, so that
[t]he jury is given a fair opportunity to exercise its "pardon" power by returning a verdict of guilty as to the next lower crime.
State v. Abreau, 363 So.2d 1063. The necessity for giving instructions on lesser included offenses so as to afford the jury the opportunity to exercise its pardon power has been asserted by the supreme court as recently as State v. Baker, 456 So.2d 419 (Fla. 1984). The instruction was required here, and the failure to give it requires reversal for a new trial.
We have examined the other issues raised by appellant and find them to be without merit. Accordingly, we affirm the conviction for assault, but reverse the conviction for resisting an officer with violence, and remand for a new trial on that count only.
AFFIRMED in part, and REVERSED in part, and REMANDED.
DAUKSCH and FRANK D. UPCHURCH, JJ., concur.