639 So.2d 683 (1994)
Beverley FORESHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 93-497.
District Court of Appeal of Florida, Fifth District.
July 6, 1994.
Harrison T. Slaughter, Jr., of Leventhal & Slaughter, P.A., Orlando, for appellant.
*684 Robert A. Butterworth, Atty. Gen., Tallahassee, Belle B. Turner, Asst. Atty. Gen. and Kimberly D. Nolen, Certified Legal Intern, Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED. We certify the following question as one of great public importance:
IS RESISTING ARREST WITHOUT VIOLENCE (§ 843.02) A NECESSARILY LESSER INCLUDED OFFENSE OF RESISTING WITH VIOLENCE (§ 843.01)?
COBB and GOSHORN, JJ., concur.
HARRIS, C.J., concurs and concurs specially with opinion.
HARRIS, Chief Judge, concurring specially:
Beverley Foreshaw was convicted of resisting an officer without violence. Her only issue of merit was the propriety of the court's instruction that "effecting an arrest constitutes a lawful execution of a legal duty." The supreme court has now upheld this "generic" instruction. State v. Anderson, 639 So.2d 609 (Fla. 1994). In any event, Foreshaw failed to object to the instruction and the issue was not properly preserved for appeal. State v. Delva, 575 So.2d 643 (Fla. 1991). I would, therefore, normally merely concur with the majority.
I write because I believe the current state of the law should be reexamined. The "law" now holds that resisting arrest without violence is not a lesser included offense under a charge of resisting arrest with violence.[1]
In Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985), we held that the "lawfulness of the arrest" is an essential element of resisting without violence but is not an essential element of resisting with violence and, therefore, because resisting without violence contains an essential element not required in resisting with violence, the former is not a lesser included offense of the latter.[2] This is a Blockburger[3] analysis but only after judicially amending section 843.02 by interpreting that section as requiring an allegation and proof of a lawful arrest while interpreting identical language in section 843.01 as not requiring such lawful arrest.
While our opinions are not necessarily right (citations omitted), they are, unless and until reversed by the supreme court or withdrawn by this court, necessarily the law, at least within this district. For that reason, we are conscientious in our efforts to be right in the first instance; for that same reason, we should be willing to review our position when new arguments are offered.
Benjamin was based on Lee v. State, 368 So.2d 395 (Fla. 3d DCA), cert. denied, 378 So.2d 349 (Fla. 1979). In Lee, although the language of the statute prohibiting resisting with violence (section 843.01) and the statute prohibiting resisting without violence (section 843.02), insofar as this issue is concerned, is identical, Judge Kehoe, writing for the majority, imposed an obligation on the State to prove the legality of the arrest as an essential element only for the offense of resisting without violence.[4]
*685 The justification in Benjamin for judicially imposing this additional element only on section 843.02 (and not on section 843.01) appears to be that at common law a citizen had the right to resist an illegal arrest and that since section 776.051 only abrogates the common law rule with respect to violent resistance, the right to resist an unlawful arrest without violence remains.[5] This ignores the fact that section 843.02 may itself have abrogated the common law right to resist even without violence. Even assuming that this common law right remains, however, it appears that the "right to resist" should be, at most, a defense to the action rather than an essential element of the charge.
What is the justification for placing different interpretations on identical language in separate sections of the same chapter on obstructing justice? Why hold that the identical language, "in the lawful execution of any legal duty" requires proof that the arrest is lawful in the one section but not the other? If this language in the resisting without violence statute does not itself require a lawful arrest, then has not such section by its own terms abrogated the common law right to resist without violence as it relates to any arrest? And if such language does require a lawful arrest, should not the identical language in section 843.01 mean that one cannot violate section 843.01, regardless of the amount of resistance, unless the arrest is lawful?[6]
There appears no justification for construing the identical language in the two sections differently. And whether they both require, or neither require, proof of a lawful arrest in the State's case in chief (i.e., whether it is or is not an essential element of the offense) is irrelevant under a Blockburger analysis. If the language is construed the same, then resisting without violence is a lesser included offense of resisting with violence because either both require it or neither requires it.
And the fact that there may be a defense to a charge of resisting without violence but not to a charge of resisting with violence should not affect the lesser included analysis. Lee, I urge, improperly characterized the proof of a lawful arrest as an essential element of the case. Instead, the right to resist against an unlawful arrest should, as is a claim of a "right" of self defense or a "right" not to be entrapped, be recognized as a defense which must be raised first by the defense.[7] For example, if the defense's contention is not that "I had the right to resist because the arrest was illegal" but rather, as it was in this case, "I'm not guilty because I didn't resist," should the defendant prevail merely because the State failed to produce an arrest warrant in its case in chief?[8]
*686 There are, and continue to be (as this case demonstrates), defendants convicted of resisting arrest without violence under a lesser included instruction.[9] If this is not properly a lesser included charge, then those who have been so convicted, as will those who are subsequently convicted, stand convicted of an offense with which they have not been charged. While we held in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983), that the conviction and incarceration of a defendant for an offense not charged is not fundamental error, nevertheless few would suggest that such procedure is a sporting way to obtain a conviction.
I agree to the affirmance because the challenge to the instruction was not properly preserved. And while Benjamin would require a reversal had it been timely and properly raised, it wasn't.
NOTES
[1] After this opinion was written, the supreme court released Anderson in which the court stated:

In Scott [v. State, 594 So.2d 832 (Fla. 4th DCA 1992)], which served as a basis for the decision below, the defense was charged with resisting arrest with violence but was found guilty of the lesser-included offense of resisting arrest without violence.
Anderson, 639 So.2d at 610. Because this is dicta (even though I agree with it) and because the court did not consider Benjamin or Lee (discussed hereafter), the certified question still seems appropriate.
[2] See also J.R. v. State, 627 So.2d 126 (Fla. 5th DCA 1993).
[3] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[4] There are no cases directly in conflict with Benjamin or Lee. However, Judge Schwartz, specially concurring in Lee, states that he would find that resisting without violence is indeed a necessarily lesser included offense within the charge of resisting with violence. Further, although not an issue in Scott, the defendant was convicted of resisting without violence under a lesser included charge and the court expressed no concern. Certainly, as to the statutory elements contained within the statutes, a Blockburger analysis would require the finding that resisting without violence is a necessarily lesser included offense under resisting with violence.

Even in Benjamin, we acknowledge "at first blush" this appears to be the case.
[5] It is apparent, because of the location of section 776.051 within the chapter on Justifiable Use of Force, and the context in which it appears, that section 776.051 is merely a limitation on the use of self defense. It neither created the new and independent crime of resisting arrest with violence nor was it intended to limit the legislature, if it saw fit, to create such new and independent crime only if the arrest were lawful. In other words, this section is not authority to remove an essential element from section 843.01 if such element was intended by the legislature.
[6] We should examine the language of section 843.01 to see if the legislature intended to criminalize (as opposed to merely refusing to recognize as a defense) the use of force in resisting an unlawful arrest. The question is not whether the legislature could have made it a crime to resist an unlawful arrest; the question is whether, by the language used in section 843.01, it did.
[7] The fact that the State has the burden of proof if a defense of self defense or entrapment is raised, does not mean that the State must disprove self defense or entrapment as an essential element of the charge in its case in chief. The same is true in this situation. The State should have the burden to prove a lawful arrest but only after the validity of the arrest has been challenged by the defense.
[8] In the present case, Foreshaw was charged in two counts of the information. First, she is alleged to have committed a battery on the police officer. Second, she is alleged to have resisted an arrest with violence. Basic to our problem, however, is the fact that the first count was not incorporated into the second count nor did the second count allege that the arrest that Foreshaw resisted was the arrest on that battery or that the arrest was otherwise legal. Therefore, under Benjamin, the charge of resisting arrest with violence in this case would not justify a lesser included charge of resisting without violence. The mere fact that the arrest is shown to be lawful would not change this.
[9] It is apparent that the judge and trial counsel conducted a standard Blockburger analysis without recognizing that there is more to section 843.02 than meets the eye.