HARRIS, Judge.
Richard Espinosa was charged with resisting an officer with violence. It was not neeessary, therefore, under Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985), to prove the legality of the arrest as an element of the offense.[1] It was not so proved in this case. Our problem, as one might guess, is that Espinosa was convicted of resisting an officer without violence, and Benjamin makes it clear that proof of a legal arrest is an essential element of this crime. In fact, under Benjamin, it is this distinction that keeps one offense from being the lesser included offense of the other.
But what happens when the trial court, at the request of the defense, gives a lesser included offense instruction informing the jury that it may convict the defendant for resisting without violence even though this additional essential element has not been proved? This, of course, presents the same scenario this court faced in Foreshaw v. State, 639 So.2d 683 (Fla.5th DCA 1994).
Even though the concurring opinion in Foreshaw pointed out the frequency with which a defendant is convicted of resisting an officer without violence in the guise of a lesser included offense and even though this and other appellate courts have held that resisting without violence is not a lesser included offense of resisting with violence, the certified question in Foreshaw apparently was not taken to the supreme court. And while this panel might agree with Judge Co-wart’s dissent in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983), it is clear that even the conviction for an uncharged offense, a fundamental error, is subject to waiver.[2] However, even if we assume that Espinosa’s *1118 acceptance of the court’s offer to give the charge on resisting without violence as a lesser included offense was a “knowing and intelligent” waiver of his fundamental right to be convicted only for a charged offense, he certainly did not waive the requirement that the state prove each and every necessary element of even the lesser included offense. If a lawful arrest is indeed one of those necessary elements, as Benjamin holds, then the state failed in their proof and the conviction cannot stand.[3]
We reverse the conviction but again, for the same reasons expressed in Foreshaw, certify the following question to the supreme court as one of great public importance:
IS RESISTING AN OFFICER WITHOUT VIOLENCE (Section 843.02) A LESSER INCLUDED OFFENSE OF RESISTING WITH VIOLENCE (Section 843.01)?
REVERSED.
DAUKSCH and ANTOON, JJ., concur.

. In addition to holding that a legal arrest is not an essential element of the offense of resisting arrest with violence, and that therefore resisting arrest without violence is not a necessarily lesser included offense of that crime, the Benjamin court held that, depending on the allegations and proof, resisting without violence might be a Category 2 lesser included offense. Our problem with this statement is that in most cases, as in this one, the jury charge merely tracks the statute and alleges that the officer was engaged "in the lawful execution of a legal duty to-wit ...” If this language in section 843.01 does not require proof of a lawful arrest, then how does the same language in section 843.02 require it? And if this language in the information does not require proof of a legal arrest then how can the charging document possibly be considered to have alleged all the essential elements of resisting without violence? If all essential elements are not pled, how can resisting an officer without violence ever be a Category 2 lesser-included offense?

. Judge Cowart cites Ray v. State, 403 So.2d 956 (Fla. 1981), for the proposition that it is fundamental error to convict one for an uncharged offense. Certainly, even fundamental error can be waived but such waiver requires that it be "knowingly and intelligently” made. When the trial court offers resisting without violence as a lesser included offense of resisting with violence, even though it is not (if it is not), is the mere acceptance of the offer a "knowing” waiver of the fact that the defendant is agreeing to accept a conviction for a crime not charged? See State v. Upton, 658 So.2d 86 (Fla.1995).

. The fact that the officer testified that he thought he had probable cause to make the arrest is not proof that he did. Rather, the question to be answered in determining whether probable cause exists is whether, given the facts and circumstances within the officer’s knowledge, he reasonably believed the suspect had committed the crime. Benefield v. State, 160 So.2d 706 (Fla.1964); State v. Sampson, 616 So.2d 93 (Fla. 5th DCA 1993). In the instant case, the officer never provided any testimony concerning exactly what facts and circumstances supported his conclusion that he had probable cause.