PER CURIAM.
We reverse the appellant’s conviction for attempted third degree murder, a classification of attempted felony murder, because attempted felony murder is no longer recognized as a criminal offense in Florida. State v. Grinage, 656 So.2d 457 (Fla.1995); State v. Gray, 654 So.2d 552 (Fla.1995). The appel-lee argues that this case should be remanded with directions to enter a judgment against the appellant for attempted manslaughter, a necessary lesser included offense of the crime originally charged, attempted first de *897 gree murder. We reject this argument, but consistent -with the action taken in Pratt v. State, 668 So.2d 1007 (Fla. 1st DCA 1996), and numerous subsequent cases, we certify the following question to the supreme court as one of great public importance:
WHEN A DEFENDANT IS CHARGED WITH FIRST DEGREE MURDER AND IS CONVICTED BY A JURY OF THE PERMISSIVE LESSER OFFENSE OF ATTEMPTED THIRD DEGREE MURDER, A NONEXISTENT CRIME, DOES STATE V. GRAY, 654 So.2D 552 (Fla.1995), PERMIT THE TRIAL COURT, UPON REVERSAL OF THE CONVICTION AND REMAND, TO ENTER JUDGMENT FOR THE OFFENSE OF ATTEMPTED MANSLAUGHTER, A NECESSARY LESSER INCLUDED OFFENSE OF THE CRIME CHARGED?
We affirm the appellant’s conviction for second degree murder. AFFIRMED IN PART AND REVERSED IN PART.
ALLEN, WEBSTER and LAWRENCE, JJ., concur.