PER CURIAM.
We have for review a decision passing on the following question certified to be of great public importance:
WHEN A DEFENDANT IS CHARGED WITH FIRST DEGREE MURDER AND IS CONVICTED BY A JURY OF THE PERMISSIVE LESSER OFFENSE OF ATTEMPTED THIRD DEGREE MURDER, A NONEXISTENT CRIME, DOES STATE V. GRAY, 654 So.2d 552 (Fla.1995), PERMIT THE TRIAL COURT, UPON REVERSAL OF THE CONVICTION AND REMAND, TO ENTER JUDGMENT FOR THE OFFENSE OF ATTEMPTED MANSLAUGHTER, A NECESSARY LESSER INCLUDED OFFENSE OF THE CRIME CHARGED?
Wiley v. State, 672 So.2d 896, 896 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We answered this question in State v. Wilson, 680 So.2d 411 (Fla.1996), by holding that where a conviction for attempted felony •murder has been vacated on the basis of our opinion in Gray, the proper remedy is retrial on any lesser offense which was instructed on at trial. Here, Wiley’s conviction for attempted third-degree felony murder means *1098 he was effectually acquitted of the charge of attempted second-degree murder. He may therefore be tried on any of the other offenses instructed on below which were equal to or lesser than attempted third-degree felony murder: attempted manslaughter, aggravated battery, aggravated assault, battery, or assault.
We approve the decision of the district court, answer the certified question as explained above, and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.