686 So.2d 1345 (1996)
STATE of Florida, Petitioner,
v.
Richard ESPINOSA, Respondent.
No. 87633.
Supreme Court of Florida.
December 26, 1996.
*1346 Robert A. Butterworth, Attorney General and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Petitioner.
James B. Gibson, Public Defender and Dan D. Hallenberg, Assistant Public Defender, Daytona Beach, for Respondent.
OVERTON, Justice.
We have for review Espinosa v. State, 668 So.2d 1116, 1118 (Fla. 5th DCA 1996), in which the district court reversed Richard Espinosa's conviction for resisting an officer without violence due to insufficient evidence and certified the following question as one of great public importance:
IS RESISTING AN OFFICER WITHOUT VIOLENCE (Section 843.02) A LESSER INCLUDED OFFENSE OF RESISTING WITH VIOLENCE (Section 843.01)?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the question in the qualified affirmative, finding that resisting arrest without violence is a permissive lesser-included offense of resisting arrest with violence. We quash the district court's decision with directions that this cause be remanded for a finding by the trial court on the sufficiency of the evidence on the greater offense of resisting arrest with violence.
The facts of this case are as follows. Espinosa was charged with resisting arrest with violence pursuant to section 843.01, Florida Statutes (1995).[1] On Espinosa's express request, the trial judge gave a lesser-included offense instruction informing the jury that it could convict Espinosa for resisting arrest without violence under section 843.02, Florida Statutes (1995).[2] Espinosa was convicted by a jury of resisting arrest without violence.
On appeal, the Fifth District Court reversed the conviction, finding that (1) Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA *1347 1985), made it clear that proof of a legal arrest is an essential element of resisting arrest without violence but that it is not an essential element of resisting arrest with violence; (2) under Benjamin, resisting arrest without violence is not a lesser-included offense of resisting arrest with violence because the State is required to prove the additional element of legality of the arrest for the lesser charge; and (3) the evidence in this case was insufficient to prove that the arrest was lawful. As a result of these findings, the district court concluded that Espinosa's conviction could not stand.
In reaching its conclusion, the district court rejected the State's contention that Espinosa had waived the right to raise the sufficiency of the evidence issue by requesting that the lesser-included offense instruction be given. The district court noted that, under case law, the acceptance of a court's offer to give a jury instruction on a lesser-included offense constitutes a waiver of the right to contest the conviction as being an uncharged offense. However, the district court stated that the waiver of the right to challenge the conviction of an uncharged offense does not constitute a waiver of the requirement that the State prove each and every element of the offense.
As acknowledged by the State, the law is well settled that the legality of the arrest is an element of the offense of resisting arrest without violence. See, e.g., State v. Saunders, 339 So.2d 641 (Fla.1976); Benjamin; Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981); Lee v. State, 368 So.2d 395 (Fla. 3d DCA), cert. denied, So.2d 349 (Fla.1979). Further, courts have consistently read section 776.051(1), Florida Statutes (1995),[3] in pari materia with section 843.01 to eliminate that element as to the offense of resisting arrest with violence. State v. Davis, 652 So.2d 942 (Fla. 5th DCA 1995); Benjamin; Johnson; Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978).[4]
Under Florida Rule of Criminal Procedure 3.510(b)[5] the giving of an instruction on a lesser offense is a matter of discretion for the trial judge, who must determine whether the charging document and evidence at trial support the giving of the instruction on the lesser offense as a permissive lesser-included offense. See Higgins v. State, 565 So.2d 698 (Fla.1990); State v. Wimberly, 498 So.2d 929 (Fla.1986). Under this rule, either the defense or the State can request an instruction on a permissive lesser-included offense when counsel has a good faith belief that such an instruction is warranted by the evidence. "An instruction on a permissive lesser included offense should be precluded only where `there is a total lack of evidence of the lesser offense.'" Amado v. State, 585 So.2d 282, 282-83 (Fla.1991)(quoting In re Use by Trial Courts of Standard Jury Instructions, 431 So.2d 594, 597 (Fla.), modified, 431 So.2d 599 (Fla.1981)). Thus, resisting arrest without violence is a permissive lesser-included offense of resisting arrest with violence, provided the elements of the lesser offense are set forth in the charging document and some evidence of the lawfulness of the arrest is submitted at trial.
*1348 In this case, the charging document specifically provided that Espinosa resisted a law enforcement officer "in the lawful execution of a legal duty, to wit: the arrest of the defendant." Additionally, at trial, testimony was offered that the officer believed the warrantless arrest was lawful because he had probable cause to make the arrest even though the person providing the information for the probable cause was known to lie; the officer had to travel to another jurisdiction to make the arrest; and he had time to contact an agency in that jurisdiction for assistance. The prosecutor argued in closing that "at the time [of the arrest], the officer was engaged in the lawful execution of his legal duties. And I would submit we've proven that." Clearly, in this case there was some evidence regarding the legality of the arrest. Thus, the trial judge properly gave the instruction on the lesser-included offense of resisting arrest without violence. Espinosa, however, argues that, while this evidence was sufficient to warrant the instruction, the district court correctly found that this evidence was insufficient to establish the legality of the arrest beyond a reasonable doubt and correctly reversed his conviction.
The State on the other hand argues that the true issue in this case is whether Espinosa waived the right to challenge his conviction for resisting arrest without violence because he specifically requested the jury instruction on that lesser-included offense. In making its argument, the State relies on our decision in Ray v. State, 403 So.2d 956 (Fla. 1981). In Ray, an instruction was given on lewd and lascivious acts as a lesser-included offense of sexual battery on a child under the age of eleven when, in fact, it was not a lesser-included offense of that charge. This Court stated that it was not fundamental error to convict a defendant under an erroneous lesser-included charge if the defendant had an opportunity to object to the charge and failed to do so, as long as (1) the improperly charged offense is lesser in degree and penalty than the main offense, or (2) defense counsel requested the improper charge or relied on it in argument to the jury. Because defense counsel in this case requested the instruction and because the offense for which he was convicted was lesser in penalty and degree than the charged offense, the State argues that, under Ray, Espinosa has waived the right to challenge his conviction.
Under the State's argument, the question we must address is whether a defendant can request and rely on an instruction on a permissive lesser-included offense and then complain that a subsequent conviction for the lesser-included offense is improper because there is insufficient evidence to convict a defendant for that offense. This is somewhat distinct from the situation in Ray, because in that case the instruction was given in error, whereas in this case the instruction was properly given. Nevertheless, for policy reasons similar to those underlying the rationale in Ray, we do not believe that a defendant who requests an instruction on a lesser-included offense should be allowed to complain on a sufficiency of the evidence claim on the lesser-included offense when sufficient evidence exists to convict the defendant for the greater offense. Accord Bradford v. State, 567 So.2d 911, 915 (Fla. 1st DCA 1990) (sufficiency of evidence on lesser-included crime cannot be considered when evidence is sufficient to convict for greater one), review denied, 577 So.2d 1325 (Fla.1991). To hold otherwise would allow a defendant to request an instruction on the lesser-included offense in anticipation that the jury will exercise its "pardon power," after which the defendant could seek reversal based on the sufficiency of the evidence. Amado ("pardon power" allows jury to find defendant guilty of lesser-included offense even when evidence is sufficient to convict for greater offense). Such a holding would allow a defendant to essentially "sandbag" the State while committing a fraud on both the jury and the judge. Consequently, we find that a defendant who requests an instruction on a lesser-included offense or affirmatively relies thereon may contest the sufficiency of the evidence on a lesser-included offense only when the evidence is insufficient *1349 to convict the defendant on the greater charge as well. We do not believe that such a holding unconstitutionally relieves the State of its burden to convict a defendant of each and every element of the offense. To the contrary, we find that the act of requesting the instruction on the lesser-included offense or affirmatively relying on the instruction waives this right in exchange for the possibility of allowing the jury to exercise its pardon power.
Accordingly, for the reasons expressed, we answer the certified question in the affirmative, finding that resisting arrest without violence is a permissive lesser-included offense of resisting arrest with violence. Additionally, we conclude that a defendant who requests an instruction on a lesser-included offense or affirmatively relies thereon may contest the sufficiency of the evidence on a lesser-included offense only when the evidence is insufficient to convict the defendant on greater charge as well. We quash the decision of the district court with directions that this cause be remanded for a finding by the trial court as to the sufficiency of the evidence on the greater offense.
It is so ordered.
SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 843.01 provides:

Whoever knowingly and willfully resists, obstructs, or opposes any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; parole and probation supervisor; county probation officer; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, ors. 775.084.
[2] Section 843.02 provides:

Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; county probation officer; parole and probation supervisor; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
[3] Section 776.051 provides:

(1) A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer.
(2) A law enforcement officer, or any person whom he has summoned or directed to assist him, is not justified in the use of force if the arrest is unlawful and known by him to be unlawful.
[4] In its opinion, the district court questioned the wisdom of this line of cases. See also Foreshaw v. State, 639 So.2d 683 (Fla. 5th DCA 1994)(Harris, J., concurring). We decline to address this well-settled issue of law.
[5] Rule 3.510 provides:

On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:
....
(b) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
(Emphasis added.)