701 So.2d 644 (1997)
Dwight MORTON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3382.
District Court of Appeal of Florida, Fifth District.
November 14, 1997.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
AFFIRMED. See Taylor v. State, 444 So.2d 931 (Fla.1983).
COBB and PETERSON, JJ., concur.
HARRIS, J., concurs specially, with opinion.
HARRIS, Judge, concurring specially.
Dwight Silvester Morton was charged with attempted first degree murder after he fired three shots into Tolder. He was convicted of attempted voluntary manslaughter. He appeals contending that there is no such offense as attempted voluntary manslaughter.[1] *645 His better argument, based on the current case law, would be that attempted manslaughter is not an appropriate lesser included offense of attempted first degree murder.
It is perhaps insufficient to merely say that it is an oxymoron to suggest that the attempt to commit one crime can ever be a lesser included offense to the charge of the attempt to commit another one. But it seems the appropriate answer under the facts of this case. Even though manslaughter is a lesser included offense of first degree murder, it does not follow that the attempt to commit the one is the lesser of an attempt to commit the other because when an attempt is alleged, there will always be a separate element of each offensethe intent to commit the specific offense be it murder or manslaughter.
As pointed out in State v. Gray, 654 So.2d 552, 553 (Fla.1995), an "attempt" requires "proof of the specific intent to commit the underlying crime." Therefore, an "element" of attempted first degree murder is the specific intent to commit murder whereas the attempt to commit manslaughter, assuming there is such an offense, would necessarily include proof that the defendant had the specific intent to commit manslaughter. Thus, attempted manslaughter is not a necessarily *646 lesser included offense of attempted first degree murder because there is a different element in each. Concerning the possibility that attempted voluntary manslaughter might be a permissive lesser included offense of attempted first-degree murder, assuming that the State is permitted to allege in the same count that the defendant intended to commit both murder and manslaughter, one merely needs to look at the information in this case to see that the necessary elements of attempted manslaughter have not been alleged.
I concur because the record does not reflect that Morton objected to the trial court's submission of attempted manslaughter as a lesser included offense. And since attempted voluntary manslaughter (again, assuming there is such an offense) is clearly lesser in degree and penalty than attempted first degree murder, he appears to have waived his right to object. See Ray v. State, 403 So.2d 956 (Fla.1981); State v. Espinosa, 686 So.2d 1345 (Fla.1996).
NOTES
[1] Although this argument is intriguing, the issue has been resolved against Morton. See Taylor v. State, 444 So.2d 931 (Fla.1983); Reid v. State, 656 So.2d 191 (Fla. 1st DCA 1995). Therefore, the law on this point appears "settled." And even though we are discouraged from challenging settled law (State v. Espinosa, 686 So.2d 1345 (Fla.1996)), the supreme court has shown tolerance if we present new or additional argument for it to consider in relation to the settled law. See State v. Gray, 654 So.2d 552 (Fla.1995). This is a recognition that law should not be finally settled unless it is good law; bad law should not be perpetuated merely because it is "good and settled."

There have been in the past, and continue to be, judges who have difficulty with the concept of attempted, or assault with intent to commit, voluntary manslaughter. I am among them. I hope to generate further discussion on this issue.
Perhaps Williams v. State, 41 Fla. 295, 26 So. 184 (1899), is the genesis of attempted manslaughter in Florida. The rationale of Williams is that manslaughter is the homicide of last resort. If the unjustified, unexcused killing of a human being is neither first, second, nor third degree murder then it must be manslaughter. Williams is concerned about those killings that are neither premeditated (first degree murder) nor committed with a depraved mind (second degree murder). It uses as an example those deaths that occur because of sudden impulse. In reaching its conclusion that an assault to commit manslaughter is a crime in Florida, the court concludes that the unpremeditated intent to kill is an element of voluntary manslaughter. But the manslaughter statute does not define manslaughter as the unpremeditated intentional killing of another. The statute contemplates, and the jury instruction so instructs the jury, that it is the commission of the act which kills that must be intentional; not that the death itself must be intended. For example, if one shoots a bully in the leg to incapacitate him, has he not committed manslaughter (assuming voluntary manslaughter is possible when the death results as a consequence of the defendant's commission of a felony) if the bully dies even if he did not desire the bully's death? Perhaps an aggravated battery that results in death is manslaughter. But is every aggravated battery an attempted manslaughter if death does not occur? Are we to assume an intent to kill because an aggravated battery was committed? If so, do we need a separate offense of aggravated battery? Is not the concept of voluntary manslaughter similar to the concept of felony murder? In the one, if death occurs as a result of the voluntary commission of a felony then felony murder results. In the other, if death results from the intentional commission of an illegal act which can cause death then voluntary manslaughter occurs. Perhaps voluntary manslaughter, like felony murder, simply cannot carry an attempt. It may be that Taylor is in conflict with State v. Gray.
In our case, Morton intentionally committed an act (firing three shots into Tolder) which could cause death but did not. If the law presumes that there was a specific intent to kill the victim because the shooting was intentional then is not this specific (but unpremeditated) intent to cause the death of the victim a necessary element of attempted manslaughter? If so, should not the jury be so instructed? Since an attempt is nothing but failed intent, it is essential in cases such as this to determine what intent is required in manslaughter. Is it the intent to cause death or merely the intent to do the act which causes death?
Finally, is voluntary manslaughter a statutorily permitted crime when the act which results in death is a felony? Manslaughter is defined as a homicide that is not one of the three degrees of murder. Since manslaughter is the "killing of a human being by the act ... of another" when such killing is not murder, is it not important to determine whether the "act" which causes the death makes the killing a crime under one of the three murder provisions? In other words, is not a sudden impulse killing always a consequence of the commission of the felony of aggravated batterythe shooting, stabbing, striking, etc. by the defendant? If so, is this not third degree felony murder? Thus, one may shoot another without the premeditated intent to kill but with the intent to commit an act (aggravated battery) which can cause the death of another. If death results from the shooting, then third degree felony murder has been committed; if death does not result, then only aggravated battery has occurred. If there is any "attempt," it would be the attempt to commit third degree felony murder. But Gray tells us there is no such crime.