W. SHARP, Judge.
Kirk appeals from a judgment adjudicating her guilty of resisting an officer with violence and attempted battery on a law enforcement officer,[1] after a jury trial. She argues on appeal that the conviction for resisting arrest with violence should be reversed and the cause remanded for trial because the trial court failed to instruct the jury on a permissive lesser included offense: resisting arrest without violence.[2] We agree.
At trial, the defense requested an instruction on resisting arrest without violence. The trial court refused, relying on Espinosa v. State, 668 So.2d 1116 (Fla. 5th DCA), quashed, 686 So.2d 1345 (Fla.1996). In that case, this court indicated that resisting arrest without violence and resisting arrest with *637 violence were different crimes because resisting without violence required proof of a lawful arrest as an element of the offense. However, we certified the following question to the Florida Supreme Court:
Is resisting an officer without violence a lesser included offense of resisting with violence?
After the trial had taken place below, the Florida Supreme Court held that resisting arrest without violence is a permissive lesser included offense of resisting arrest with violence. It also held that the lesser offense instruction should be given where requested, if the elements of the lesser offense are set forth in the charging document and some evidence of the lawfulness of the arrest is submitted at trial.
It appears in this case that the information charged Kirk with resisting an officer “in the lawful execution of a legal duty.” It then specified that she kicked and struck the officer while he was trying to effect an arrest. At trial, conflicting evidence was presented as to whether Kirk resisted an arrest (her own or her brother’s) with or without violence, and whether either arrest was legal. Thus, pursuant to Espinosa, the trial court should have instructed the jury on the permissible lesser included offense of resisting arrest without violence.
Accordingly, we affirm the attempted battery charge but reverse and remand for further proceedings in the resisting arrest with violence count.
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN, C.J., concurs.
HARRIS, J., concurs in result only.

. §§ 843.01; 784.04, Fla. Stat. (1995).

. § 843.02, Fla. Stat.