THOMPSON, J.
After a bench trial, Joseph Kauffman was convicted of burglary of a conveyance; grand theft of a motor vehicle; burglary of a structure; third degree grand theft; home invasion robbery; shooting at, within, or into a *425 building; shooting from a vehicle; attempted voluntary manslaughter; fleeing or attempting to elude a law enforcement officer with a high speed pursuit; and resisting an officer without violence. On appeal, Kauffman contends that attempted manslaughter is not a crime, and that his conviction for home invasion burglary cannot stand because the court found him guilty based on the prosecutor’s incorrect statement of the crime’s elements. We affirm.
Kauffman and several codefendants were involved in a crime spree which included the burglary of a home while the victim was in her bedroom. The victim of this incident, which resulted in the charge of home invasion burglary, testified that one man took her purse from the dresser as another man held a gun to her head. After the burglary, Kauffman and his codefendants committed other crimes. Deputies began chasing the group, who were in a stolen Ford Explorer driven by Kauffman, after receiving a dispatch linking the vehicle to a home invasion and a drive-by shooting. Deputy William Winters chased the Explorer at speeds over 100 m.p.h. A codefendant in the rear of the Explorer fired a shotgun at Deputy Winters when, at about 80 m.p.h., he moved alongside the Explorer. Although a round went through Deputy Winters’ coat, and although he was hit in the eyes by the shattered glass of his windshield and eyeglasses, he was able to pull his vehicle off the road. The latter incident was the basis of the attempted first, degree murder charge.
Although Kauffman was charged with attempted first degree murder, the court found him guilty of attempted manslaughter. On appeal, he argues that since he was the driver rather than the shooter, the only basis for an attempted murder charge against him was attempted felony murder, a nonexistent crime according to the supreme court in State v. Gray, 654 So.2d 552 (Fla.1995). He contends that since attempted felony murder does not exist, he could not have been convicted of its “lesser included crime,” attempted manslaughter. We disagree with this premise for two reasons.
In Watkins v. State, 705 So.2d 938 (Fla. 5th DCA 1998), this court held that it is up to the supreme court to abolish crimes. Watkins considered the question whether attempted second degree murder was abolished as a result of Gray. Both the Florida Supreme Court and this court have held and continue to hold that attempted voluntary manslaughter is a crime. See Taylor v. State, 444 So.2d 931 (Fla.1983); Morton v. State, 701 So.2d 644 (Fla. 5th DCA 1997); State v. Brady, 685 So.2d 984, 986 (Fla. 5th DCA), rev. denied, 691 So.2d 1079 (Fla.1997). Since its decision in Gray, the Florida Supreme Court has repeatedly validated the existence of attempted voluntary manslaughter by holding that defendants may be retried on the lesser included offense of attempted voluntary manslaughter. Lee v. State, 685 So.2d 1275 (Fla.1996); State v.Horn, 684 So.2d 186 (Fla.1996); State v.Wiley, 682 So.2d 1097 (Fla.1996); State v.Pratt, 682 So.2d 1096 (Fla.1996).
Furthermore, Kauffman’s argument does not withstand analysis. His argument that attempted felony murder is the only basis for an attempted murder charge against him erroneously presumes that he was not charged as a principal to attempted premeditated murder. Attempted voluntary manslaughter is a necessary lesser included offense of attempted premeditated murder. See Taylor v. State, 444 So.2d 931 (Fla.1983).
Kauffman next argues that his conviction for home invasion robbery was based on an incorrect interpretation of the elements of the crime. During the bench trial, the prosecutor stated to the court that she had formulated an instruction for home invasion robbery:
At the time of entering or remaining in the dwelling, the defendant had a fully formed conscious intent to commit the offense of robbery in that dwelling.
On appeal, Kauffman points to the definition of home invasion robbery:
812.135. Home-invasion robbery
(1) “Home-invasion robbery” means any robbery that occurs when the offender enters a dwelling with, the intent to commit robbery, and does commit a robbery of the occupants therein.
*426 Kauffman argues that the instruction was wrong because the statute does not make “remaining” in a dwelling an element, that the intent to commit the robbery must be formed before the entry, and that therefore, Kauffman was convicted of a nonexistent crime. The state argues that the issue was waived because defense counsel did not object to the instruction.
Although the prosecutor may have misin-structed the court, home invasion robbery is indeed a crime, so there is no fundamental error here. Hence, the issue is not preserved because defense counsel did not object to the allegedly erroneous formulation of the elements of the crime. See Squires v.State, 450 So.2d 208 (Fla.1984); compare Achin v.State, 436 So.2d 30 (Fla.1982); State v.Sykes, 434 So.2d 325 (Fla.1983) (both reversing convictions for “attempted” offenses).
AFFIRMED.
W. SHARP and PETERSON, JJ., concur.