MAY, J.
The sufficiency of the evidence is put to the test in this appeal. The defendant appeals his conviction and sentence for manslaughter with a firearm. Among other issues, the defendant argues that the evidence was insufficient to support the manslaughter conviction because the State failed to establish that he was the shooter or aided and abetted another in the fatal shooting. We agree and reverse.
The State charged the defendant with first-degree murder that arose from a shooting incident near a convenience store. It was the State’s theory that the shooting was part of a robbery or at least an attempt. The State introduced testimony from two girls, who had been present on the day of the shooting. A careful reading of their testimony, however, reveals that neither witness actually saw the defendant rob or shoot the victim or saw the defendant in possession of a firearm.
On the day of the murder, Darlisha Johnson was driving around in a mini-van with two other girls, Shepherd and Herald, and two babies. Johnson stopped at a convenience store and parked the van at the side of the building.
As Johnson left the store, she observed the victim walk toward his car, at which point, she saw several boys, including the defendant, walk up behind the victim. She then saw the victim in the middle of the *59 street, surrounded by the boys. She was unable to hear what the boys were saying, but saw the victim throw up his hands in a movement that suggested “what’s up.”
As she walked to her van, she turned back towards the group and saw the victim stumble as if he were ready to fall. She noticed that his pants pockets were turned inside-out, but did not see the boys take anything from the victim.
The victim ran, got into his car, made a U-turn, and stopped at a traffic light. While he was sitting at the light, the group of boys, including the defendant, began to approach the car. The victim made the turn, and began driving toward the boys. When it appeared that the victim was going to try to hit them, the boys jumped back out of the way.
While Johnson was putting her child into the car seat, she heard shots and saw the victim’s car hit a building. She testified that Shepherd told Herald to call the police on her cell phone. However, Herald refused, indicating that she wasn’t going to use her phone to call the police, “not on my man.” Johnson never saw the defendant with a gun.
The second eyewitness to testify was Shepherd, who also knew the boys. She testified that she saw the defendant cross the street with the other boys behind him. She subsequently saw the defendant lift his shirt, and then heard a gunshot. She confirmed Johnson’s testimony that Herald refused to call the police on her cell phone. She understood Herald to mean that the defendant was “her man.”
During direct examination, the State attempted to impeach Shepherd regarding a prior statement to law enforcement in which she had stated that she had seen the defendant take a necklace from the victim and saw the defendant with a gun. However, in further questioning she testified that her statement to law enforcement had been based on information provided to her by the detective. She did not actually observe either the taking of the necklace or the defendant in possession of the gun.
At the close of the State’s case, the defendant moved for judgment of acquittal. The trial court granted the motion on the first-degree murder charge because the State was unable to prove that the defendant had possessed the gun, but allowed the case to go to the jury on a felony murder charge based on the principal theory and robbery.
In its closing, the State read back Shepherd’s testimony concerning the theft of the necklace and the defendant’s possession of a gun. The State then argued that the evidence established that the defendant had participated in a robbery of the victim culminating with the shooting death of the victim. The State argued that the defendant was therefore guilty of felony murder.
Defense counsel did not request an instruction on the lesser included offenses of first degree felony murder, but the State requested “all of the category 1 lessers.” The jury was instructed upon first degree felony murder and the lesser offenses of second degree murder and manslaughter, both with and without a firearm.
During deliberations the jury requested a read-back of the testimony of Johnson and Shepherd. The jury found the defendant guilty of only the lesser included offense of manslaughter with a firearm, and also made a factual finding that the defendant did not possess the firearm. The trial court adjudicated him guilty. The defendant moved for a post-verdict judgment of acquittal, which the trial court denied.
On appeal the defendant raises several issues, but we find the sufficiency of evi *60 dence issue controls the outcome. The defendant argues that the evidence was insufficient to convict him of manslaughter as the trial court had already granted a motion for judgment of acquittal because there was no evidence that the defendant either possessed a gun or aided and abetted someone with a gun. The State makes two arguments in response. First, it argues that because the defendant did not object to the State’s request for an instruction on the necessarily lesser included offenses, the defendant waived his right to raise the sufficiency of the evidence as to the manslaughter charge. Second, the State argues that the evidence was sufficient. We disagree with the State on the waiver issue, and agree with the defendant that the evidence was insufficient.
Our supreme court addressed a similar waiver argument in State v. Espinosa, 686 So.2d 1345 (Fla.1996). There, the defendant was charged with resisting arrest with violence. The defendant requested the permissive lesser included offense of resisting without violence. The jury convicted the defendant of the lesser included offense.
On appeal, the defendant argued the evidence was insufficient to sustain the conviction on the lesser included offense. The State responded that the defendant should not be able to contest the sufficiency of the evidence on the lesser included offense after having specifically requested an instruction on the lesser. The court held that “a defendant who requests an instruction on a lesser-included offense should [not] be allowed to complain on a sufficiency of the evidence claim on the lesser-included offense when sufficient evidence exists to convict the defendant for the greater offense.” Id. at 1348.
This case however is distinguishable from Espinosa.. First, this case involves category one necessarily lesser included offenses, not permissive lessers as was the case in Espinosa. Second, the defendant did not ask for the instruction on category one lesser included offenses in this ease; rather, the State asked for them. As category one necessarily lesser included offenses, the trial court had no discretion on whether to give the instruction. See Michelson v. State, 805 So.2d 983, 986 (Fla. 4th DCA 2002) (Gross, J., specially concurring). Thus, there was no waiver on the part of the defendant that prevents him from arguing the insufficiency of the evidence on the lesser included manslaughter charge.
We turn now to the sufficiency of the evidence. “It is incumbent upon the state to introduce competent evidence of each element of the offense charged.” Cox v. State, 764 So.2d 711, 712 (Fla. 1st DCA 2000). While the law allows the admission of some prior inconsistent statements as substantive evidence, those statements cannot be the sole evidence of guilt and must comport with section 90.801(2)(a), Florida Statutes (2007). Pearce v. State, 880 So.2d 561, 569 (Fla.2004); State v. Moore, 485 So.2d 1279 (Fla.1986).
The trial court acquitted the defendant of premeditated murder because there was no evidence that the defendant possessed the gun, but allowed the jury to consider the charge of felony murder based upon the robbery. The trial court explained that the defendant could be held responsible as a principal in the robbery, thereby allowing the jury to consider the felony murder charge even though there was no evidence that the defendant possessed the gun.
To support the defendant’s conviction for manslaughter, however, the evidence had to establish that the defendant was the actual shooter or that he aided or abetted another in committing the crime. The tri *61 al court had already determined that the evidence was insufficient to establish that the defendant possessed a gun, leaving only the possibility that the defendant aided or abetted the shooter. That evidence was lacking.[1]
Despite the tragic death of the victim, the State simply did not introduce sufficient evidence to prove beyond a reasonable doubt that the defendant committed manslaughter. We therefore reverse the defendant’s conviction and remand the case for the defendant’s discharge.

Reversed and Remanded.

WARNER, J., concurs.
BID WILL, MARTIN J., Associate Judge, dissents with opinion.

. While a quick review of the testimony reveals that Shepherd testified that the defendant had been involved in taking a necklace from the victim and was in possession of a gun, a careful examination of that testimony actually reveals that she did not see anyone take the necklace or the defendant in possession of a gun. On direct and cross-examination, Shepherd testified that her prior inconsistent statement was based on information provided to her by the detective and not from her own observations.