KELLY, Judge.
Joseph Garner was charged with resisting arrest with violence, but the jury found him guilty of the lesser-included offense of resisting arrest without violence. The trial court granted Garner’s motion for judgment of acquittal after the verdict based on the insufficiency of the evidence *1047 to support the lesser-included offense. The State appeals from that order, arguing that Garner waived any postverdict sufficiency of the evidence argument by requesting the permissive lesser-included offense instruction. We agree and reverse.
When, as here, a defendant seeks an instruction on a lesser-included offense and is found guilty of the lesser offense, the court must review the evidence to determine if it is sufficient to support the greater offense, not the lesser. State v. Espinosa, 686 So.2d 1345, 1348-49 (Fla.1996); Messer v. State, 757 So.2d 526, 528 (Fla. 4th DCA 2000). By requesting the instruction on the lesser-included offense, the defendant waives any argument as to the sufficiency of the evidence as to the lesser offense. Espinosa, 686 So.2d at 1349 (holding that the act of requesting an instruction on the lesser-included offense or affirmatively relying on the instruction waives the right to challenge the State’s proof on the elements of the lesser offense “in exchange for the possibility of allowing the jury to exercise its pardon power”).
Because the trial court erred in granting the postverdict judgment of acquittal based on the sufficiency of the evidence for the lesser-included offense rather than the charged offense, we reverse and remand for the trial court to reinstate the conviction for resisting arrest without violence.
Reversed and remanded.
WALLACE and CRENSHAW, JJ., Concur.