917 So.2d 1143 (2005)
Gerald J. ROCCAFORTE and Sally Roccaforte, Individually and on Behalf of their Minor Son, Gerald "Joey" Roccaforte
v.
NINTENDO OF AMERICA, INC., Alfalfa Movies and Music, Inc. and Blockbuster, Inc.
No. 05-CA-239.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
*1145 Richard C. Trahant, Attorney at Law, Scott LaBarre, Attorney at Law, Metairie, Louisiana, for Plaintiffs/Appellees, Gerald Roccaforte, Sally Roccaforte and Gerald "Joey" Roccaforte.
Edward F. Kohnke, IV, Michael B. North, Amanda L.C. Bradley, Scott S. Partridge, Frilot, Partridge, Kohnke & Clements, L.C., Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellant, Nintendo of America, Inc.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
Nintendo of America, Inc., defendant, appeals a ruling that assessed damages against it for contempt and sanctions, and also awarded attorneys' fees to the plaintiffs. The plaintiffs have answered the appeal, seeking additional attorneys' fees for this appeal. We amend to grant additional attorneys' fees and, as amended, we affirm.

BACKGROUND
This is the second appeal in this personal injury lawsuit, in which Gerald and Sally Roccaforte allege that their son, Gerald "Joey" Roccaforte, developed epilepsy as a result of playing Nintendo video games.[1] The plaintiffs sought recovery under the Louisiana Products Liability Act against the video game manufacturer, Nintendo of America, Inc. ("Nintendo").[2] The case went to trial in January 2000.
During the trial, Nintendo belatedly produced hundreds of pages of documents that should have been produced in response to a pretrial order compelling production of documents. Plaintiffs sought and obtained a contempt ruling and an order for monetary sanctions against Nintendo, but the ruling did not specify an amount.
After a seven-day trial, the jury returned a verdict in favor of Nintendo. The jury found that Nintendo did not provide an adequate warning of the seizure risk from playing video games, but that the products were not unreasonably dangerous in design, and that the failure to provide adequate warning was not the proximate cause of Joey's injuries. Accordingly, the trial court entered judgment dismissing the claims. The court subsequently denied the plaintiffs' motions for judgment notwithstanding the verdict and for new trial.
On appeal, the plaintiffs' primary contention was that Nintendo's persistent failure to respond fully to discovery orders had damaged their case.
In Roccaforte v. Nintendo of America, Inc., 01-210 (La.App. 5 Cir. 11/14/01), 802 So.2d 764, we held that Nintendo had deliberately misled the court and counsel by withholding evidence that should have been disclosed during discovery and that materially affected the plaintiffs' ability to present their case. We vacated the jury verdict, reversed the trial court's denial of the plaintiffs' motion for new trial, upheld the trial court's grant of sanctions against the defendant, and ordered the trial court to impose a specific amount of monetary sanctions on remand of the matter. The supreme court denied writs. Roccaforte v. Nintendo of America, Inc., 01-3301 (La.3/8/02), 811 So.2d 884.
On remand, on April 20, 2004 the trial court ordered that as an appropriate sanction *1146 for the defendant's contempt, the defendant was to pay a total of $181,620.86, comprising $31,620.80 for the plaintiff's costs and expenses, and $150,000.00 attorneys' fees.
The judgment itemized the amounts as follows:

 Airfare $ 2,807.67
 Auto 307.54
 Court Costs 1,483.50
 Delivery 1,886.60
 Expert Expense 53.00
 Expert Fees 22,290.00
 Hotels and Meals 1,914.88
 Interest Charge 99.89
 Trial Expenses 777.78
 Attorney Fees 150,000.00
 TOTAL $181,620.86

In separate rulings on the same date, the trial court denied the plaintiffs' Third Motion for Contempt and also denied the plaintiffs' Motion for Default and/or To Strike Nintendo's Defenses.

CURRENT APPEAL
In the appeal now before us, Nintendo asserts the April 2004 judgment must be set aside. Nintendo argues the judgment substantively amended the July 18, 2000 judgment by awarding trial-related costs and fees rather than costs and fees related to the motion to compel and the motion for contempt. Further, Nintendo asserts the award of $150,000.00 in attorneys' fees has no evidentiary basis and should be vacated.
The trial court's July 18, 2000 judgment awarded to plaintiffs "all attorneys' fees and costs associated with the necessary motions and hearings which resulted from Nintendo's failure to properly comply with discovery." Our decision in the prior appeal affirmed the July 18, 2000 judgment, but ordered the trial court to impose a specific amount of monetary sanctions on remand. Roccaforte v. Nintendo of America, Inc., 01-210 at pp. 13-14, 802 So.2d at 772.
Nintendo now argues that the trial court erred in assessing the sanctions award, because the July 2000 judgment did not award to plaintiffs any costs or fees associated with the trial and our affirmation of the July 2000 judgment did not modify the substance or scope of that judgment.
Nintendo blames the trial court's action on the plaintiffs' post-remand filing of a Motion to Have the Court Assess Specific Monetary Amounts for Contempt and Sanctions Rulings. That motion specifically asked the trial court to award the plaintiffs all costs relative to the first trial and appeal, attorneys' fees in an amount equal to fees charged by defense counsel for trial and appeal, and "the largest sanction against a corporate defendant in the history of Louisiana jurisprudence." Nintendo argues the motion asked the trial court to amend and expand upon the July 2000 judgment, which this Court had refused to do on the appeal.
Nintendo asserts the $181,620.86 award to the plaintiffs is "a staggering amount far exceeding any conceivable expense incurred in the `motions and hearings' that were the subject of the original July 2000 Trial Court Judgment." Nintendo avers the trial court's award of trial-related costs and fees constituted a substantive amendment of the final July 2000 judgment and is therefore a nullity under Louisiana law. In addition, Nintendo contends the trial court abused its discretion by awarding the plaintiffs a flat $150,000.00 attorneys' fee award without the benefit of any supporting evidence or documentation.
In opposition, the plaintiffs argue they are entitled to be paid the reasonable expenses, including attorneys' fees, caused by the failure of the defendant to respond to their discovery request. They contend that Nintendo's contumacious behavior resulted in a miscarriage of justice throughout discovery and the two-week jury trial. *1147 Therefore, they maintain, the plaintiffs' expenses, costs, and attorneys' fees for the entire proceeding may reasonably be assessed against Nintendo.
Similarly, they assert "Nintendo's actions prompted an appeal by plaintiffs and plaintiffs' opposition to Nintendo's writ application to the Louisiana Supreme Court, which would not have occurred as they did, but for Nintendo's misconduct." The plaintiffs contend all their costs and attorneys' fees relative to appeal and opposition of Nintendo's writ application to the Louisiana Supreme Court are "reasonable expenses" as contemplated by La.C.C.P. art. 1471.
The plaintiffs frame the issue on the appeal as whether the trial court "abused its vast discretion by sanctioning a corporate defendant $150,000 for crippling plaintiffs' best opportunity to present their case to a jury by engaging in gross misconduct that caused Nintendo to be held in contempt of court twice, as well as causing this Court to grant a new trial."
The plaintiffs contradict Nintendo's claim that the July 2000 judgment was final (and, hence, could not be changed by the trial judge). They contend the July 2000 judgment's status as an interlocutory judgment is law of the case, so that the trial court was not limited in what it could award as monetary sanctions against Nintendo.[3]

LAW AND ANALYSIS
La.C.C.P. Art. 1471 provides:
If a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
* * *
In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure.... [Emphasis added.]
A determination of the type and amount of sanctions is reviewed under the abuse of discretion standard. Sternberg v. Sternberg, 97-101, p. 6 (La.App. 5 Cir. 5/28/97), 695 So.2d 1068, 1071, writ denied, 97-1737 (La.10/13/97), 703 So.2d 618.
A court's decision to impose sanctions for failure to comply with a discovery order, as well as its choice of sanctions, will not be reversed absent a clear showing of abuse of discretion. Reeder v. New York Life Ins. Co., 01-148 (La.App. 5 Cir. 6/27/01), 790 So.2d 712, 715.
"Each case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion in determining the penalty for violation of pre-trial or discovery orders." Benware v. Means, 99-1410, p. (La.1/19/00), 752 So.2d 841, 847.
Courts may inquire as to the reasonableness of the attorney fee as part of their prevailing, inherent authority to regulate the practice of law. City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397, 401 (La.1987).
Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; *1148 (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.
State, Dept. of Transp. and Development v. Williamson, 597 So.2d 439, 442 (La. 1992).
The trial judge's own language in the original judgment awarded the plaintiffs "all attorneys' fees and costs associated with the necessary motions and hearings which resulted from Nintendo's failure to properly comply with discovery." (Emphasis added.) Roccaforte, 01-210 at p. 7, 802 So.2d at 768.
In compliance with our remand order, the trial court held a hearing on the plaintiffs' motion to have the court assess specific monetary amounts for the contempt and sanctions ruling. At the hearing, plaintiffs' counsel filed a sheaf of papers listing all the costs and expenses that had been incurred on behalf of the plaintiffs during the entire proceedings, showing total expenses and costs of $128,496.72, covering all aspects of the proceedings to date. There were separate pages for each type of cost/expense listed, but the itemization did not indicate to which phase of the case each cost/expense listed should be attributed.
As for attorneys' fees, plaintiffs' counsel have a contingency fee arrangement with their clients. Hence, they have no hourly billing records to submit in connection with the sanctions retrial.
The parties dispute whether the remanded sanctions judgment gave the trial judge authority to expand upon his judgment as it existed prior to the remand. The parties agree that the judgment is "law of the case," but they disagree on interpreting that principle as applied to the judgment.[4]
The trial judge obviously did not accept the plaintiffs' argument that all the costs and expenses from the first trial should be included, since the costs awarded were $31,620.86 rather than the much higher figure sought by the plaintiffs. Nevertheless, he included many items that arose during discovery, such as experts' expenses and fees, airfares, hotels and meals, and interest charges. In addition, the judge awarded $150,000.00 attorneys' fees, without specific evidence as to how much time the attorneys spent on the discovery motions or as to an hourly rate for their services.
This case has been in litigation for ten years and the record now comprises sixteen volumes. The trial judge clearly concluded that many of the costs and expenses incurred by the plaintiffs are reasonably attributable to Nintendo's discovery violations. Similarly, the trial judge is in the best position to observe and evaluate the work performed by plaintiffs' counsel.
The ruling was the trial judge's interpretation of his own order issued earlier, and upheld by us on the prior appeal. We cannot say the trial judge abused his wide discretion in his determination that the amounts he included were related to "the necessary motions and hearings that resulted *1149 from Nintendo's failure to comply with discovery." It cannot be disputed that much of the past proceedings need not have taken place if Nintendo had disclosed the evidence it withheld.
In the same way, because the trial judge has seen the development and evolution of the case as a whole, we are unable to say he abused his discretion in the amount of attorneys' fees awarded.
The dispute about the applicability of law-of-the-case is irrelevant, because the trial judge neither went beyond the scope of the July 2000 judgment, nor abused his discretion in his ruling on the remand. Accordingly, we affirm the judgment.
In response to the plaintiffs' answer to the appeal, we find that plaintiffs' counsel are entitled to an additional $5,000.00 in attorney's fees for this appeal. The judgment is amended to include that amount and, as amended, affirmed. The cost of this appeal is assessed against Nintendo of America, Inc.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] When the suit was filed, Joey was still a minor. Since then, however, he has attained majority and appears as a plaintiff in his own right.
[2] The suit also made two video rental companies defendants, but they settled prior to trial.
[3] We stated in the prior appeal that the sanctions judgment was interlocutory rather than final because no monetary amount was assessed. Roccaforte, 01-210 at p. 3, n. 3, 802 So.2d at 771, n. 3.
[4] "The `law of the case' is a doctrine whereby an appellate court will not reconsider its prior rulings on an issue in a subsequent appeal in the same case. The `law of the case' doctrine applies to previous decisions on writ applications as well as full appellate proceedings." Franklin Southland Printing Co., Inc. v. New Orleans Aviation Bd., 99-60 (La.App. 5 Cir. 7/27/99), 739 So.2d 977, 982.