956 So.2d 525 (2007)
Kendrick STAFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4653.
District Court of Appeal of Florida, Fourth District.
May 9, 2007.
*526 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges his conviction for dealing in stolen property based upon his pawning of jewelry taken from a home in which he was moving furniture. He raises two issues. First, he claims that the court erred in refusing to allow a witness to testify to an exculpatory statement made by appellant. Second, he objects to the trial court's failure to give an instruction on petit theft as a lesser included offense. We affirm, holding that the exculpatory statement was hearsay and inadmissible. We further conclude that the court did not err in refusing to instruct on petit theft, a category two offense of dealing in stolen property, because the elements of the crime were not included within the charging document.
During trial, appellant sought to cross-examine his work supervisor regarding an exculpatory statement appellant made to him when confronted with the supervisor's accusation that appellant had stolen items from the home. A defendant's out-of-court exculpatory statements are inadmissible hearsay. Cotton v. State, 763 So.2d 437, 439 (Fla. 4th DCA 2000) ("When a defendant seeks to introduce his own out-of-court exculpatory statement for the truth of the matter stated, it is inadmissible hearsay."). Appellant claims, however, that the state opened the door to such testimony in the direct examination of the supervisor. Having examined the testimony, we disagree that the state opened the door or that the exculpatory statement was necessary to correct any misleading impression. No reversible error occurred.
In instructing the jury, the trial court refused to instruct on petit theft, a category two lesser included offense of dealing in stolen property. Appellant claims this constitutes reversible error. We disagree. Florida Rule of Criminal Procedure 3.510 provides:
On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:
. . . .
(b) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
A jury instruction on a permissive lesser included offense is allowed where the elements of the lesser included offense are included in the charging document and some evidence of the lesser included offense is submitted at trial. See State v. Espinosa, 686 So.2d 1345 (Fla.1996). While there was evidence of theft submitted at trial, the charging document does not contain the elements of petit theft. Therefore, the trial court did not err in denying the request for the petit theft instruction.
Affirmed.
STEVENSON, C.J., and TAYLOR, J., concur.