962 So.2d 926 (2007)
Edward David NEALS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1899.
District Court of Appeal of Florida, Fourth District.
June 6, 2007.
Rehearing Denied September 10, 2007.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Neals appeals his conviction for dealing in stolen property, arguing that the trial court erred in failing to instruct the jury *927 on the lesser-included offense of theft. We affirm.
The information charged that Neals "did traffic in, or endeavor to traffic in, clothing, which was property Edward David Neals knew or should have known was stolen, contrary to Florida Statute 812.019(1)."
At trial, Officer Thomas testified he received a call that a convenience store clerk contacted police and said there was a man selling clothing in the parking lot in front of the store. When Thomas arrived, he saw a man fitting the description he was given selling clothing out of a van. Thomas testified the clothing was still in plastic wrap with security tags affixed. When Thomas approached Neals, Neals gave chase but was apprehended behind the building.
After Neals was arrested, he gave a statement to police. Neals stated he had come into possession of the clothing while at a crack house. The man who "asked him if he wanted to make money and help him get rid of [the] clothes" told him the clothing was stolen from a Ross department store.
At the charge conference, the trial court accepted defense counsel's ambiguous request for an instruction on a lesser offense as asking for a lesser-included instruction on theft. The trial court explicitly declined to instruct the jury on theft.
Section 812.019(1), Florida Statutes, provides:
(1) Any person who traffics in, or endeavors to traffic in, property that he or she knows or should know was stolen shall be guilty of a felony of the second degree. . . .
§ 812.019(1).
As used in ss. 812.012-812.037:
(8) "Traffic" means:
(a) To sell, transfer, distribute, dispense, or otherwise dispose of property.
(b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.
§ 812.012(8), Fla. Stat.
Under the schedule of lesser-included offenses for section 812.019(1), there are no category one offenses. The various degrees of theft are category two offenses.
Section 812.014 provides, in relevant part:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
§ 812.014(1), Fla. Stat.
Even as to category two lessers, it is reversible error for a trial court to deny an instruction on the next lesser-included offense provided the "charging instrument and the evidence admitted" would support a conviction on that lesser offense. Moore v. State, 932 So.2d 524, 527 (Fla. 4th DCA 2006) (emphasis in original).
In this case, it is arguable that the evidence would support a conviction for theft. In order to obtain a conviction for theft, it is not necessary that the defendant actually stole the property. See Jackson v. State, 736 So.2d 77, 83 (Fla. 4th DCA 1999) (quoting Brewer v. State, 413 So.2d 1217, 1219 (Fla. 5th DCA 1982) ("how the property of another is acquired is no longer important") (emphasis in original)); Patten v. State, 492 So.2d 748, 750 (Fla. 2d DCA 1986) (affirming conviction of grand theft without regard to whether defendant "was the actual one to `take' the items"). However, *928 as we recently recognized in Stafford v. State, 956 So.2d 525 (Fla. 4th DCA 2007), the standard for reversible error is not met where "the elements of the crime were not included within the charging document."
Here, as in Stafford, the elements of theft are not charged. Therefore, the judgment and sentence are affirmed.
GUNTHER and FARMER, JJ., concur.