POLEN, J.
Appellant, John H. Gardner, appeals a final judgment and sentence, asserting the trial court erred in denying his request to instruct the jury on the permissive lesser offenses of grand theft and petit theft. This court has jurisdiction. Fla. R.App. P. 9.140(b)(1)(A).
Gardner was arrested and charged with three counts of dealing in stolen property after a police detective discovered that four items reported stolen by Lawson Francis had been sold by Gardner to a pawn shop. The information read, in pertinent part:
JOHN H. GARDNER ... did then and there, as part of a common scheme, plan or purpose, unlawfully traffic in or endeavor to traffic in the property of Lawson Francis, to-wit: electronics, by selling, transferring, distributing, dispensing, or otherwise disposing of said property to Peoples Pawn Shops or by endeavoring to sell, transfer, distribute, dispense, or otherwise dispose of said property to Peoples Pawn Shops, and said John H. Gardner knew or should have known that the property was stolen. ...
Following the production of evidence at trial, a charge conference was held. Defense counsel asked the trial court to instruct the jury on the lesser included offenses of grand theft and petit theft, first and second degree. The court determined there were no category one lesser included offenses and that the category two lesser included offenses were grand theft and petit theft. However, because the elements of grand theft and/or petit theft were not included in the information and no evidence was presented that Gardner had stolen the property, the trial court declined to give the instruction. Following closing arguments, the trial court read the jury instruction to the jury and neither defense counsel nor the State objected. The jury found Gardner guilty of three counts of dealing in stolen property and sentenced him to seven years in prison.
This court has established that a jury instruction on a lesser included offense is warranted only when (1) the elements of the lesser included offense are included in the charging document, and (2) there is some evidence of the lesser included offense introduced at trial. Stafford v. State, 956 So.2d 525, 526 (Fla. 4th DCA 2007) (citing State v. Espinosa, 686 So.2d 1345 (Fla.1996)). In Neals v. State, the defendant was charged with dealing in stolen property and the trial court refused to instruct the jury on the lesser included offense of theft. 962 So.2d 926, 927 (Fla. 4th DCA 2007). This court determined that although the evidence might support a conviction for theft, the trial court’s refusal to instruct the jury on the lesser included offense was not error because the elements of theft were not included in the charging document. Id. at 927-28 (citing Stafford v. State, 956 So.2d 525 (Fla. 4th DCA 2007)).
Gardner urges this court to recede from its decisions in Stafford and Neals, and we write to reaffirm those decisions. In the present case, the trial court did not err in refusing to instruct the jury on lesser included offenses because the information did not allege the elements of petit theft or grand theft nor was there any evidence introduced at trial that would support a conviction for those offenses.

Affirmed.

WARNER and TAYLOR, JJ., concur.