CONGRETATION OF ST. JOSEPH'S ROMAN CATHOLIC CHURCH

VERSUS

T2J PARTNERS, LLC (D/B/A FPS RECOVERY), SHIELDTECH ROOFING SOLUTIONS, LLC AND GREEN GENERAL CONTRACTORS, LLC

NO. 24-C-476

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

October 24, 2024

Linda Wiseman
First Deputy Clerk

IN RE T2J PARTNERS, LLC D/B/A FPS RECOVERY

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JASON VERDIGETS, DIVISION "A", NUMBER 41,68

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Timothy S. Marcel

**WRIT GRANTED**

In this case arising from damage to church building roofs caused by Hurricane Ida, relator T2J Partners, LLC d/b/a FPS Recovery ("T2J"), seeks supervisory review of a ruling of the trial court denying its motion to compel discovery responses from plaintiff, the Congregation of St. Joseph's Roman Catholic Church ("St. Joseph's"). For the following reasons, we grant relator's writ and reverse the ruling of the trial court.

BACKGROUND

On September 7, 2022, St. Joseph's filed a petition for damages wherein it alleged that the Roman Catholic Church of the Diocese of Baton Rouge hired T2J as a contractor to perform emergency repair work on Church properties, including the temporary tarping or roofing on portions of roofs damaged by Hurricane Ida to halt or prevent water intrusion into the buildings. St. Joseph's alleges that it requested that T2J provide temporary tarping to the damaged portions of its Church building, but instead T2J installed temporary roofing over the entire roof, including portions undamaged by the hurricane, and in the process damaged the shingles, underlayment, and roof sheathing, thereby necessitating replacement of the entire roof. St. Joseph's seeks recovery from defendants for their negligent damage to the roof.

24-C-476                                                1

T2J propounded its first set of interrogatories and requests for production of documents on St. Joseph's on February 15, 2024, which were answered two months later on April 15, 2024. A Rule 10.1 conference was held at which time T2J pointed out what it believed to be deficiencies in the discovery responses. No supplementary discovery responses were filed by St. Joseph's. T2J filed the instant motion to compel seeking: 1) a privilege log and explanations for St. Joseph's claims for attorney-client and/or work product privilege as required under La. C.C.P. art. 1424(C); 2) information about insurance coverage for the roof or potential funding from the Diocese or other third parties that St. Joseph's claimed was irrelevant or protected by the collateral source rule; 3) updated responses to certain interrogatories that counsel for St. Joseph's represented would be made and were not, particularly responses concerning communications St. Joseph's may have had with anyone performing roof repairs. In particular, T2J challenged St. Joseph's assertion that all communications between it and the Diocese concerning the roof tarping are privileged communications.

Prior to the hearing on the motion to compel, St. Joseph's did provide supplemental responses to discovery. At the hearing on the motion to compel, the arguments focused chiefly upon whether any money or any documents relevant to any claim related to damages caused by Hurricane Ida may be protected under the collateral source rule.[1] Plaintiff maintained that the collateral source rule applied to protect the documents sought from discovery. The trial court denied the motion to compel without reasons.

DISCUSSION

Trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation, including the scope of discovery, and such discretion will not be disturbed on appeal absent a clear showing of abuse. *Wells v. Fandal*, 136 So.3d 83, 87 (La. App. 5th Cir. 2014). However, where the trial court's decision is based on an erroneous interpretation or application of law, rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference by the reviewing court and a *de novo* review is warranted. *Yorsh v. Morel*, 223 So.3d 1274, 1281 (La. App. 5th Cir. 2017).

The Louisiana Supreme Court in *Bozeman v. State* stated that "the collateral source rule is a rule of evidence and damages. From an evidentiary perspective, the rule bars the introduction of evidence that a plaintiff has received benefits or payments from a collateral source independent of the tortfeasor's procuration or contribution. The issue typically arises at trial following the submission of a Motion in Limine. 03-1016 (La. 7/2/04) 879 So.2d 692, 699. *See also Hoffman v. 21st Century N. Am. Ins. Co.*, 14-2279 (La. 10/2/15), 209 So.3d 702. While this has been recognized as a jurisprudential rule, plaintiff has cited no cases in which the rule has been used to protect documents from discovery as plaintiff proposes

---

[1] T2J identified the following specific questions as in need of supplementation in its Motion to Compel:

INTERROGATORY NO. 2:

Please identify any amounts you received from the Diocese or any other party, including insurers or parishioners, for emergency repairs following Hurricane Ida.

REQUEST FOR PRODUCTION NO. 8:

Please produce all documents evidencing any funds you received from the Diocese, Catholic Mutual, or any other party to pay for repair or replacement of your roof due to damages from Hurricane Ida.

REQUEST FOR PRODUCTION NO. 9:

Please produce any insurance policies that may provide coverage for the alleged damage from Hurricane Ida and the damages you allege in your petition.

here. Arguably, plaintiff's proposed application of the rule is contrary to its original application: the original rule presupposes the judge making the determination of what evidence is "inadmissible" on a motion in limine has the evidence to review before him.

Plaintiff's proposed application of the collateral source rule is also contrary to the express language of the Louisiana Code of Civil Procedure. La. C.C.P. art. 1422 states:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. *It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.*
> (Emphasis supplied.)

Plaintiff has argued that the information sought by defendants concerning insurance claims made in response to damage caused by Hurricane Ida is not discoverable because it is not relevant. We disagree. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401. In this case, plaintiff alleges that defendants have caused damage to their roof as part of their remediation measures following Hurricane Ida. The nature and extent of the damage, if any, caused by defendants must necessarily be distinguished from the nature and extent of the damage to the roof caused by Hurricane Ida. Documents relating to insurance claims made by plaintiff seeking recovery for damage to its property caused by Hurricane Ida are relevant to the material facts of this case.

Upon *de novo* review, we find that the trial court erred in applying the collateral source rule to deny relator's motion to compel. The September 10, 2024 judgment of the trial court denying defendant's motion is reversed. The motion to compel filed by T2J is hereby GRANTED, and St. Joseph's is ordered to supplement its responses to T2J's discovery requests, particularly Interrogatory No. 2, Request for Production No. 8, and Request for Production No. 9, with any and all documents it claims to have been protected by the collateral source rule.

Gretna, Louisiana, this 24th day of October, 2024.

**TSM**
**SMC**
**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/24/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-476**

### E-NOTIFIED
23rd Judicial District Court (Clerk)
Hon. Jason Verdigets (DISTRICT JUDGE)
Brad M. Boudreaux (Respondent)

Susan N. Eccles (Respondent)
Adrian A. D'Arcy (Relator)
Margaret N. Davis (Relator)

### MAILED
Anthony J. Gambino (Respondent)
Attorney at Law
400 Convention Street
Suite 1100
Baton Rouge, LA 70802

Kirk A. Patrick, III (Respondent)
Attorney at Law
Post Office Box 1629
Baton Rouge, LA 70821

Stephen C. Carleton (Respondent)
Attorney at Law
555 Hilton Avenue
Suite 620
Baton Rouge, LA 70808

Andrew G. Vicknair (Relator)
Attorney at Law
650 Poydras Street
Suite 2705
New Orleans, LA 70130

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$

Postmark
Here

To Kirk A. Patrick, III
Attorney at Law
Post Office Box 1629
Baton Rouge, LA 70821
24-C-476          10-24-24

7016 2070 0000 0954 9084

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kirk A. Patrick, III
Attorney at Law
Post Office Box 1629
Baton Rouge, LA 70821
24-C-476          10-24-24

9590 9402 2434 6249 3567 98

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 9084

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                        ☐ Agent
                                         ☐ Addressee
B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$

Postmark
Here

Andrew G. Vicknair
Attorney at Law
650 Poydras Street
Suite 2705
New Orleans, LA 70130
24-C-476          10-24-24

7016 2070 0000 0954 9077

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Andrew G. Vicknair
Attorney at Law
650 Poydras Street
Suite 2705
New Orleans, LA 70130
24-C-476          10-24-24

9590 9402 2434 6249 3568 04

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 9077

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                        ☐ Agent
                                         ☐ Addressee
B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

# CERTIFIED MAIL® RECEIPT
## Domestic Mail Only

**For delivery information, visit our website at www.usps.com®**

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

To Stephen C. Carleton
Attorney at Law
555 Hilton Avenue
Suite 620
Baton Rouge, LA 70808
24-C-476          10-24-24

7016 2070 0000 0954 9060

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Stephen C. Carleton
Attorney at Law
555 Hilton Avenue
Suite 620
Baton Rouge, LA 70808
24-C-476          10-24-24

9590 9402 2434 6249 3568 11

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7016 2070 0000 0954 9060

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
## Domestic Mail Only

**For delivery information, visit our website at www.usps.com®**

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

To Anthony J. Gambino
Attorney at Law
400 Convention Street
Suite 1100
Baton Rouge, LA 70802
24-C-476          10-24-24

7016 2070 0000 0954 9053

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Anthony J. Gambino
Attorney at Law
400 Convention Street
Suite 1100
Baton Rouge, LA 70802
24-C-476          10-24-24

9590 9402 2434 6249 3568 28

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7016 2070 0000 0954 9053

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt